Craig H. Durham
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208)-724-2617
F: (208)-906-8663
chd@fergusondurham.com
daf@fergusondurham.com

Attorneys for Defendant

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>                  Plaintiff,<br><br>         v.<br><br>CAMERON HIGH,<br><br>                  Defendant. | No. 4:18-CR-0035-DCN<br><br>**AGREEMENT OF THE PARTIES AS TO RESTITUTION** |

### **LEGAL BACKGROUND**

The Mandatory Victims Restitution Act ("MVRA") grants Court has broad discretion in how to impose restitution among multiple defendants. Where the court finds more than one defendant "has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

1

**REQUEST**

The parties have met and conferred regarding the appropriate restitution obligation for Defendant. The parties jointly request that the Court enter a restitution order as to Defendant in the amount of five percent (5%) of the restitution amount owed to victim J.D., as determined by the Court through the restitution hearing in the related case, *United States v. Hansen*, 4:18-cr-00346-DCN.

The parties' proposed resolution includes consideration of "the level of contribution to the victim's loss and economic circumstances of each defendant" in this case. 18 U.S.C. § 3664(h). In particular, the Government takes into account the facts that Defendant played a lesser role in fraud scheme in this case and did not directly benefit financially from the fraud scheme. The Government also takes into account that Defendant did not directly participate in deceiving victims other than J.D. (though his misconduct allowed the broader scheme to continue). The Government believes that a five percent appointment for this Defendant is fair for these reasons and also reflects Defendant's five percent ownership stake in the company where he worked Yellowstone Partners LLP and where the fraud scheme occurred.

Defendant concurs with the Government recitation above. Defendant adds only that a payment plan would be needed for him to re-pay his restitution obligation. Defendant suggests that he can afford $250 a month currently and requests no more than that amount. The Government does not stipulate to that payment amount or a to particular plan and instead leaves the matter to the Court's discretion.

**CONCLUSION**

For the foregoing reasons, the parties request that the Court order Defendant to pay restitution in the amount of five percent (5%) of the amount owed to J.D., as determined by the Court in related case, *United States v. Hansen*, 4:18-cr-00346-DCN.

Respectfully submitted this 22nd day of July 2020.

        */s/ Craig H. Durham*
        Craig H. Durham
        Deborah A. Ferguson
        Attorneys for Defendant High


        BART M. DAVIS
        UNITED STATES ATTORNEY
        By:


        */s/Joshua D. Hurwit*
        JOSHUA D. HURWIT
        RAYMOND E. PATRICCO
        Assistants United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of July, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Josh Hurwit
Joshua.hurwit@usdoj.gov
Raymond Patricco
Ray.Patricco@usdoj.gov
Attorneys for the United States

/s/Craig H. Durham